OPINION
The instant appeal emanates from a final judgment of the Trumbull County Court of Common Pleas. Appellant, Martin Petersime, contends that the trial court's decision to classify him as a sexual predator should be reversed because the sexual offender laws are unconstitutional.
In July 1992, appellant entered a plea of guilty to two counts of rape, five counts of pandering sexually oriented matter involving a minor, five counts of illegal use of a minor in nudity oriented material or performances, five counts of pandering obscenity involving a minor, two counts of corruption of a minor, and one count of disseminating matter harmful to minors. Upon accepting this plea, the trial court sentenced appellant to two concurrent terms of ten to twenty-five years on the rape counts. In relation to the remaining counts, the court sentenced appellant to three smaller prison terms, each of which were to run concurrently with each other, but which were to run consecutively to the terms on the rape counts.
Approximately seven years after appellant had begun to serve his sentence, the trial court issued a judgment entry ordering that appellant be transported from the Marion Correctional Institution so that a hearing could be held to determine whether appellant is a sexual offender under R.C. Chapter 2950. Before this hearing could go forward, appellant moved to dismiss the proceeding on the ground that R.C. Chapter 2950 was unconstitutional. After the state had filed a responsive brief, the trial court overruled the motion to dismiss.
The hearing on the sexual offender issue was held in October 1999. Based upon the evidence presented during that proceeding, the trial court issued a second judgment holding that appellant was a sexual predator under R.C. Chapter 2950. In support of this decision, the court expressly found that appellant had been convicted of a sexually oriented offense and that he was likely to engage in such behavior in the future.
In now appealing from the "sexual predator" determination, appellant has asserted seven assignments of error for our consideration. Under these assignments, appellant has raised seven different challenges to the constitutionality of R.C. Chapter 2950. That is, appellant argues that the sexual offender laws are invalid because: (1) they violate a defendant's natural law rights under Section One, Article I of the Ohio Constitution; (2) they violate his right to equal protection because they are not applicable to sexual offenders who completed their prison term prior to the effective date of the laws; (3) they are impermissibly vague as to the "burden of proof" issue; (4) they constitute a bill of attainder because a punishment is inflicted without the benefit of a judicial trial; (5) they violate the constitutional prohibition against double jeopardy; (6) they violate the prohibition against ex post facto laws; and (7) they deny a defendant his right to equal protection because the "sexual predator" determination is not made in accordance with the usual procedures followed in a criminal proceeding.
In regard to appellant's first five arguments, this court would simply note that the Supreme Court of Ohio has recently rejected each of these challenges to the validity of the sexual offender laws. In State v. Williams (2000), 88 Ohio St.3d 513, the court held that R.C. Chapter 2950 did not violate Section One, Article I of the Ohio Constitution because the laws do not improperly impinge upon a defendant's rights to privacy, the acquisition of property, a favorable reputation, and the ability to pursue an occupation. In relation to appellant's first equal protection argument, the Williams court concluded that the statutory scheme did not improperly discriminate against offenders who are still confined because there was a rational basis for not trying to apply the various statutory requirements to offenders who have already been released from prison. In addition, as to appellant's vagueness argument, the court stated that it was not inherently illogical for the statutory scheme to require a trial court to employ the "clear and convincing" evidential standard in determining whether it is "likely" that a defendant will commit another sexually oriented offense in the future.
Concerning the "bill of attainder" and "double jeopardy" arguments, the Williams court employed a similar analysis on both of these points. Specifically, the court held that neither of these constitutional prohibitions could be invoked in relation to the sexual offender laws because the registration and notification requirements are merely remedial measures which do not constitute a criminal punishment.
As to appellant's sixth constitutional argument, our review of the relevant case law indicates that the Supreme Court has also rejected this challenge to the validity of this statutory scheme. In State v. Cook (1998), 83 Ohio St.3d 404, the court concluded that the retroactive application of the sexual offender laws was permissible under the Ex Post Facto Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution.
Under his final constitutional argument, appellant again asserts that the procedure set forth in R.C. Chapter 2950 violates his equal protection right in two respects. First, he contends that sexual offenders are treated differently than other criminal defendants because the "sexual predator" determination is not made by a jury. Second, he argues that sexual offenders are treated differently because the state is not required to prove its case on the "sexual predator" issue beyond a reasonable doubt.
Although the Williams and Cook opinions did not expressly consider either of the foregoing issues, the underlying logic in both of those decisions support the conclusion that the Supreme Court would reject appellant's assertions. In both Williams andCook, the court expressly stated that the registration and notification requirements of the sexual offender laws are not punitive sanctions. Based upon this, it has been held that the basic right to a jury trial does not attach to a "sexual predator" proceeding because it is not criminal in nature. See State v.Serrano (June 9, 1999), Lorain App. No. 97CA006937, unreported. In support of this holding, the courts of this state have emphasized that the right to a jury trial typically is not applicable to a statutory proceeding which was not recognized under the common law. See State v. Vincent (Feb. 3, 2000), Morgan App. No. CA99-03, unreported.
The same logic would apply to the "burden of proof" issue. Given that the decision to classify a defendant as a sexual predator will not result in the imposition of a criminal sanction, it follows that the state should not be required to sustain the same burden of proof as it must in establishing the defendant's guilt. Accordingly, the use of the clear and convincing standard does not violate appellant's right to equal protection of the law.
Pursuant to the foregoing analysis, each of appellant's seven assignments of error is without merit. Therefore, the judgment of the trial court is affirmed.
 _____________________________________ JUDITH A. CHRISTLEY, Presiding Judge
NADER, J., O'NEILL, J., concur.